MARGARET COLLINS, Plaintiff in Error, *v.* HUGH SMITH *et al.*, Defendants in Error.

ERROR TO ADAMS.

A purchaser, at an administrator's sale of real estate, is a competent witness to prove the purchase, that it was made for others, and paid for by their money; and that the premises were occupied by residence thereon under the deed from the administrator to the witness, as well as under and by the persons for whose use he purchased the estate.

An administrator is within the description of persons, from whom a title may be deduced of record, so as to authorize a party holding under it, by seven years actual residence, to make out a bar, under the eighth section of chapter 66 of revised statutes, title limitations.

If the source of the title under which a party claims under the limitation act, is of record, it is not essential that every link in his chain of title should be so; a resulting trust may be established by parol.

SUIT in ejectment brought in the Adams Circuit Court, at the October term, 1853, by the plaintiff in error, against the defendants in error, for the recovery of a lot of ground, described as thirty-three feet off of west side of lot six, in block three, in the town (now city) of Quincy, county of Adams, State of Illinois. Declaration in usual form.

Plea of not guilty by defendants.

Tried by a jury, before SIBLEY, Judge, at the October term, 1855. Verdict and judgment for defendants. The bill of exceptions shows that plaintiff showed a title from the United States to Francis Ramsey. She then further introduced in evidence, without objection, a decree of the circuit court of said Adams county, dated September 28th, 1841, decreeing the sale of said premises by David Wood, administrator of Francis Ramsey. The plaintiff then read in evidence a deed from David Wood, as administrator of said Ramsey, for said premises, dated November 29th, 1841, to Thomas McClintock, recorded April 13, 1848. Also, a deed for said premises from Thomas McClintock to Samuel McClintock, dated August 24,

1848, and recorded October 10, 1848. Also, a deed for said premises from Samuel McClintock and wife to Joseph McClintock, dated January 10, 1852, and recorded July 25th, 1853, and from Joseph McClintock to plaintiff, dated July 18, 1853. Defendants then offered in evidence, a deed for said premises from Francis Ramsey to Alexander McClintock, dated January 1st, 1840, and recorded June 24th, 1840; and a deed from Alexander McClintock to James Brown, dated October 12th, 1853, and recorded October 13th, 1853; and a lease from James Brown to Hugh Smith, dated October 15th, 1853. The plaintiff then proved by Thomas McClintock, that he bought the premises in controversy, at the administrator's sale, for Joseph McClintock, William McClintock and Samuel McClintock; to which evidence defendants objected. The plaintiff then stated that he proposed to prove by said witness, that he (witness) bought said property for said Joseph, William and Samuel McClintock, with money furnished by them, and that the premises were occupied by actual residence thereon, under the deed from administrator of Ramsay to witness, and under and by said Joseph, William and Samuel McClintock, for more than seven years next preceding the commencement of this suit, and that witness made the deed from himself to Joseph McClintock for the purpose of carrying out the trust upon which he bought the premises, and that witness never claimed to hold the premises except in trust for Joseph, William and Samuel McClintock. The defendants objected; but made no objection to the plaintiff proving possession to the premises under the deed from Wood, said administrator of Ramsey, to Thomas McClintock, and the deed from him to Samuel McClintock, and from him to Joseph McClintock; and the court sustained the objection, and decided that an equitable title could not be proved in the mode proposed, and excluded the evidence; to which decision of the court the plaintiff excepted. The court instructed the jury to find for defendants; to giving which instruction the plaintiff excepted, and assigns the following errors, viz.:

1. Excluding the testimony of Thomas McClintock, as to the purposes of his purchase at the administrator's sale.

2. Instructing the jury to find a verdict for defendants.

3. Rendering judgment for defendants.

WILLIAMS, GRIMSHAW and WILLIAMS, for Plaintiff in Error.

BROWNING and BUSHNELL, for Defendants in Error.

SCATES, C. J. In deraigning title from an administrator's sale and deed, made under an order of sale for the payment

11

of debts of deceased, the plaintiff offered to prove a resulting trust, by showing the purchase money paid at the administrator's sale to have belonged to Joseph, William and Samuel McClintock, and that Thomas McClintock, who bid off the land and paid the money, acted as their agent, and did so for them.

A parol agency to buy or sell land is good (*Johnson* v. *Dodge*, 17 Ill. R. 433), and the agent is a competent witness to prove his agency, as between his principal and a third person. *Cadwell* v. *Meek et al.*, 17 Ill. R. 220. And parol evidence is admissible to prove a resulting trust in lands, and is an exception to the general rule requiring written evidence under the statute of frauds and perjuries. Rev. Stat. 1845, p. 259, Sec. 4; Adams' Eq. 165, note 1; *Enos et al.* v. *Hunter*, 4 Gil. R. 218–19; *Boyd* v. *McLane*, 1 John. Chan. R. 582.

The declarations or admissions of the nominal purchaser are always admissible to establish the fact of payment by the *cestui que trust*, or the ownership of the money. Adams' Eq. 165, note 1; *Malin* v. *Malin*, 1 Wend. R. 626; *Pierce* v. *McKeehan*, 3 Penn. State R. 136; *Harden* v. *Harden*, 2 Sandf. R. 17; *Lloyd* v. *Carter*, 17 Penn. State R. 216; *Peabody* v. *Tarbell*, 2 Cush. R. 232; *Pinney* v. *Fellows*, 15 Verm. R. 525; *Barron* v. *Barron*, 24 ibid. 375.

It would seem to result, as a legal conclusion from these several principles, that Thomas McClintock, the supposed nominal purchaser and agent for the alleged *cestui que trust*, was a competent witness, and the plaintiff was entitled to prove the facts proposed, and in the mode proposed, unless the title thus made out was insufficient and inadmissible as a foundation for the statute of limitations.

Such was the opinion and ruling of the court below, but we think the title sufficient to defend under the statute. Rev. Stat. 1845, pp. 349–50, Secs. 8, 9, 10 and 11. The court, in *Poage's heirs* v. *Chinn's heirs*, 4 Dana R. 54, construed a similar statute of Kentucky of 1809, to embrace an equitable title. And they allowed that title to be proved by such evidence, parol or otherwise, as was proper to establish the several links in the chain. Parol proof was received to establish a descent and heirship—also tenancies and possessions under leases. And it was held that the possession and residence of the tenant should enure to the benefit of the landlord, as his possession and residence, in making out a residence for seven years under the statute.

An administrator is within the description of "other person authorized to sell such land" "under any order, judgment or decree of any court of record," as provided in the 8th section; and when title is deduced from such a source, and being

connected in law or *equity*, we regard it as fully "deducible of record" within that section.   And plaintiff would only be required to add possession by *actual* residence for seven years to make out a bar under that act.   If the language of the act, "having a connected title in law or equity, deducible of record," cannot be made to embrace this title in equity by resulting trust, it must be excluded by construing the phrase, "deducible of record," to apply to each link in the chain. This I do not think is the sense of the provision.   If the foundation, source or beginning of the title under which the party claims and enters, is of record, that is, by grant of this state or the United States, or by grant of a public officer or other person authorized to sell for non-payment of taxes, or on execution, or under order, judgment or decree of a court of record, then it is "deducible of record" to every person who can connect himself with it by such proofs as are competent for any purpose to establish the kind of title under which he claims.   We know that in having connected claim of title for recovery in ejectment, we have frequently to weld in a link by parol—for a descent and heirship—for a lease (these are mostly in writing at this day), and possession of tenant under it, and such like instances.   Although an equity link would not sustain an ejectment suit under the statute, it may defeat it, and so may be put in by parol evidence, when it is of a character to be established by that character of parol; and I have shown that a resulting trust is an express exception from the statute of frauds.   In *Poage's heirs* v. *Chinn's heirs*, above referred to, the court gave a like construction to their act, as only requiring the title from the commonwealth to be of record, and the remainder of the chain as the nature of the title should require.

This I think to be a sound and reasonable interpretation, and one calculated to give effect to every provision.   I am not able to perceive how the contrary one could prevail without cutting off heirs from the benefit of the defense, because the descent and heirship could not become matters of record in the sense here contemplated, so as to become record evidence.

The court, therefore, erred in excluding the testimony of Thomas McClintock, offered for the purposes set forth, and also in instructing the jury to find for defendants.

Judgment reversed and cause remanded for new trial.

*Judgment reversed.*