JULIUS G. LENDER, Appellant, *v.* ALVIN KIDDER, Appellee.

### APPEAL FROM MADISON.

A. claimed a certain lot, under the act of Congress of March 3rd, 1823, in relation to French claims; B. derived title to the same lot, under a patent from the United States, "subject, however, to the rights of any and all persons claiming under said act of Congress," and had been in possession for twelve years. *Held,* that B.'s title was such a title as is contemplated by our Statute of Limitations, of 1835.

4

Lender *v.* Kidder.

The decision of the Supreme Court of the United States is paramount as to the construction of the act of Congress, of March 3rd, 1823, and as to the kind of title conferred by patent under it; but the Supreme Court of this State possesses the paramount right to construe our own statutes.

THIS was an action of ejectment, brought by Kidder against Lender, in the Peoria Circuit Court, at the November term, 1857, for the recovery of so much of Claim No. 18, in the village of Peoria, confirmed to Pierre LaVasseur Dit Chamberlain by an act of Congress approved March 3rd, 1823, as is covered by Lot No. 12, in Block No. 39, in Bigelow and Underhill's Addition to Peoria.

The declaration and plea were both in usual form.

Change of venue to Madison county, by agreement.

By consent of parties, a jury being waived, the cause was heard by the court.

The plaintiff offered and read in evidence the act of Congress approved May 15th, 1820, entitled an "An act for the relief of the inhabitants in the village of Peoria," etc. Second, the report of Edward Coles, dated Nov. 10, 1820, contained in volume 3 Am. State Papers, relating to public lands, page 421; showing that Pierre La Vasseur Dit Chamberlain claimed a lot in Peoria, bounded northwardly and eastwardly by unoccupied land, etc., and proof that he built a house on the same and fenced it in, in 1798. Third, an act of Congress approved March 3rd, 1823, entitled "An act to confirm certain claims to lots in the village of Peoria, in State of Illinois." Fourth, a plot of the village of Peoria, approved September 1st, 1840, by the surveyor of public lands in Illinois and Missouri. Fifth, a certified copy of the plot and survey of Claim No. 18. And sixth, plaintiff proved that Pierre La Vasseur Dit Chamberlain and wife both died prior to the year 1830, leaving but one child, Angeline, who afterwards married Benjamin Roi Dit King. Seventh, plaintiff introduced and read a deed from Benjamin Roi Dit King to Alvin Kidder, purporting to convey the land in controversy. Eighth, plaintiff then introduced in evidence a plat showing the interference of Claim 18, in the village of Peoria, and Lot 12 in Block 39, in Bigelow and Underhill's Addition to the town of Peoria.

Defendant then offered in evidence, first, a certificate of the register of the land office at Quincy, Illinois, certifying that John L. Bogardus did, on November 15th, 1837, purchase or enter the East fractional fourth of Section nine in T. 8 N., R. 8 E. of the 4th principal meridian, containing twenty-three and ninety-three hundredths acres. Second, a patent from the United States, to John L. Bogardus, for the same land described in certificate; subject, however, to the rights of any and all

persons claiming under the act of Congress of March 3rd, 1823, entitled "An act to confirm certain claims to lots in the village of Peoria." Third, a deed from John L. Bogardus to Isaac Underhill. Fourth, defendant then introduced and read in evidence, deeds from Isaac Underhill and Louis Bigelow to defendants, for lot twelve, in Bigelow and Underhill's Addition to Peoria, which deeds were admitted in evidence and purported to convey the fee in said lot.

It was proved that defendant had occupied the premises by actual residence thereon for twelve years—from 1845 to the commencement of this suit.

The plaintiff then introduced and read in evidence a copy of the application of John L. Bogardus for the purchase of the land described in the patent to him.

This being all the evidence, the court found for the plaintiff; whereupon the defendant entered a motion for a new trial, which motion was overruled.

Defendant then prayed an appeal to the Supreme Court, which was allowed.

MANNING & MERRIMAN, for Appellant.

WILLIAMS, GRIMSHAW & WILLIAMS, and W. H. UNDERWOOD, for Appellee.

CATON, C. J.   The premises in controversy are a part of the east fractional quarter of section nine, in town eight north, of range eight east of the fourth principal meridian.   The plaintiff claims the premises as a confirmed French claim, under the act of Congress approved March 3rd, 1823, and the survey approved September 1st, 1840.

The defendant proved title under John L. Bogardus, to whom the fraction above described was patented by the United States. This patent, after granting the premises to the patentee, contains this clause: "Subject, however, to the rights of any and all persons claiming under the act of Congress of 3rd March, 1823, entitled ' An act to confirm certain claims to lots in the village of Peoria, in the State of Illinois.' " Under this title the defendant had possessed and occupied the premises by actual residence thereon for twelve years, antecedent to the commencement of this action.   The only question then is, did the defendant show " a connected title in law or equity, deducible of record from this State or the United States ?"   This question, we conceive, has been distinctly and authoritatively settled by the Supreme Court of the United States, whose decision is paramount and controling upon this court, upon the construction of

this act of Congress, and the effect of this patent.    In the case of *Bryan* v. *Forsyth*, 19 Howard, 334, that court gave a construction to this patent.    The court there said : " When this patent was made in 1838, the village lots had not been surveyed, and those that interfered with the land granted to Bogardus, might never be claimed.    Subject to this contingency he took his patent, and had a title. in fee till 1840, when the village title of Forsyth was ripened into the better right.    After that, those claiming under Bogardus, held the position of one who claims protection under a younger patent against an older one. He has only the appearance of title.    The patent to Bogardus was a fee simple on its face, and is such title as will afford protection to those claiming under it, either directly or having a title connected with it, with possession for seven years as required by the statute of Illinois.    The court below erred in cutting off this defense."    As before remarked, it is for that court to determine what kind of title was conferred by this patent ; and even if we should have arrived at a different conclusion, it is our duty to conform to this decision, as constituting the undoubted law of the case, while we possess the paramount right to construe our own statutes, and among them our laws of limitation.    But such a title as is here described, is such a title in law as is contemplated by our statute of limitation of 1835, and to attempt to evade that decision by saying that they had misconstrued our statute, would be but a mere evasion of that decision, unworthy of this tribunal.    Under this title the defendant held such a possession as the statute required, and for twice the length of time necessary to constitute a defense.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*