56    53
156   219

## SAMUEL JANDON *et al.*

### *v.*

## JOHN McDOWELL, JR.

1. LIMITATION ACT OF 1835. The defendant, in an ejectment suit, relying on the limitation act of 1835, and seven years' possession of the premises by actual residence, showed a connected chain of title from the general government to himself by patent, and mesne conveyances purporting to convey the fee: *Held,* such constituted a *prima facie* title in fee at law, although it was only apparently a good title, and was the kind of title contemplated by that statute.

2. And being derived through a patent from the general government, was a title " deduced of record," without regard to whether the deeds of the defendant were recorded or not.

3. SAME — *effect of the recording act.* Nor was it any objection that the deed first made by the patentee, under which, through sundry mesne conveyances, the plaintiff claimed, was on record when the patentee conveyed to the remote grantor of the defendant and charged him with notice. The recording laws have no effect on questions arising under the statute of limitations.

WRIT OF ERROR to the Circuit Court of Knox county; the Hon. JOHN S. THOMPSON, Judge, presiding.

The opinion states the case.

Mr. H. M. WEAD and Mr. AARON TYLER, for the plaintiffs in error.

Mr. A. M. CRAIG, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of ejectment by plaintiffs in error, in the Knox circuit court, against defendant in error, to recover the west ½, south-east ¼, section 10, township 12 north, range 3 east, fourth principal meridian. It appears that both parties derive title through Joseph Duncan, plaintiffs in error, by deed dated March 19, 1839, and recorded in the proper office on the 18th of April of the same year, with which they connect themselves by mesne conveyances. Defendant in error claims title through a conveyance from Duncan to Marvin Owen, dated November the 7th, 1840, with which he connects himself by mesne conveyances. It is agreed that Duncan held the land in fee from the United States government before he conveyed it. It appears that defendant moved upon this land in 1844, and has resided on it ever since; his house was built on the land in the spring of 1844, and he occupied it as a farmer. He relied on the statute of limitations of 1835 as a defense, which was allowed by the court, who tried the case without a jury, by consent of the parties, and rendered judgment in favor of defendant, and plaintiffs bring the record to this court on error.

We are of opinion that the judgment of the court below, on the facts contained in the record, is correct. The statute of 1835 (Gross' Comp., § 8, p. 429) declares that "every real, possessory, ancestral or mixed action, or writ of right brought for the recovery of any lands, tenements or hereditaments of which any person shall be possessed by actual residence thereon, having connected title in law or equity deducible of record, from this State or the United States, etc., shall be brought within seven years next after possession being taken as aforesaid."

The ninth section declares, that the possession, to bar the rights, actions and suits mentioned in the eighth section, shall have been continued in manner aforesaid, for the term of seven years next preceding the time of asserting the right of entry

or the commencement of any suit or action. The eleventh section declares, that the entry shall be tolled after seven years, if there shall be an adverse possession for seven years by actual residence thereon, under a connected title in law or equity, deducible of record from this State or the United States, etc.

Defendant in error has shown a connected chain of title from the general government to himself, by patent and mesne conveyances. This is *prima facie* a title in fee at law, and is the kind of title contemplated by the statute of 1835. It would be unreasonable to suppose the legislature only intended to embrace perfect titles, as they could always be successfully asserted in the courts, and hence require no aid from the statute of limitations. Had defendant in error held the first deed from Duncan, then his title would have been amply good without the bar of the statute. But only being apparently the better title, and being connected by deeds purporting to convey the fee, it is the legal title contemplated by the statute, and is entitled to its protection. See *Lender* v. *Kidder*, 23 Ill. 49.

It does not appear from the agreement whether the deeds of defendant in error were or not recorded. But this we regard as immaterial. It was held not to prevent the bar of the statute in the case of *Collins* v. *Smith*, 18 Ill. 160, and that, if derived through a patent from the general government, the title was deduced of record; on that question this authority is conclusive.

Nor is it any objection that the deed first made was on record when Duncan conveyed to Owen, and that he was charged with notice by the record. In the cases of *Woodward* v. *Blanchard*, 16 Ill. 433, and *Dickenson* v. *Breeden*, 30 id. 280, it was held, that the recording laws had no effect on questions arising under the statute of limitations. And the rule has been recognized and applied to other cases by this court. Defendant, then, having the character of title required by the act of 1835, and more than seven years' possession of the land under the title, by actual residence thereon, the statute became

operative and presented a complete bar to a recovery by plain-
tiffs in error, and the judgment of the court below must be
affirmed.

                              *Judgment affirmed.*